Affirmed and Memorandum Opinion filed May 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00632-CR

___________________

 

NATHANIEL JENKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 263rd District Court

Harris County,
Texas



Trial Court Cause No. 1215472

 



 

 

MEMORANDUM OPINION

            Appellant Nathaniel Jenkins appeals his conviction for
possession of less than one gram of a controlled substance.  In a single issue,
appellant challenges the factual sufficiency of the evidence to support his
conviction.  We affirm.

Factual and Procedural Background

            Officers
James Crawford and Michael Houston of the Houston Police Department testified
that they were patrolling early one morning before dawn when they saw appellant
walking in the middle of the street.  Appellant was walking near a well-lit intersection. 
Because he was walking in the middle of the street in the early morning hours
in a high crime area, the officers pointed a spotlight on appellant.  As he was
walking, appellant looked over his shoulder at the officers and dropped two
rocks of crack cocaine on the ground.  At the time the officers saw appellant
drop the cocaine he was no more than 15 feet away from them.  Both officers
testified that when they approached appellant, he appeared to be high on
narcotics.  

            Appellant
testified that he saw the officers come toward him in their patrol vehicle.  As
he passed them the officers stopped him and said he appeared to have been
drinking.  He further testified that one officer handcuffed him and asked him
to get into the car.  While he was in the car, the other officer searched for
something and returned with the cocaine.  Appellant denied that he dropped the
cocaine.

            The
jury convicted appellant of possession of a controlled substance and assessed
punishment at six and one half years in prison.

Analysis

            In
a single issue, appellant challenges the factual sufficiency of the evidence to
support his conviction.  When evaluating a challenge to the factual sufficiency
of the evidence, we view all the evidence in a neutral light and inquire
whether we are able to say, with some objective basis in the record, that a
conviction is clearly wrong or manifestly unjust because the great weight and
preponderance of the evidence contradicts the jury’s verdict.  Watson v.
State, 204 S.W.3d 404, 414–17 (Tex. Crim. App. 2006).  In conducting a
factual-sufficiency review, we discuss the evidence appellant claims is most
important in allegedly undermining the jury’s verdict.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

            Appellant
was charged with the offense of knowingly or intentionally possessing less than
one gram of cocaine.  Tex. Health & Safety Code Ann. § 481.115 (Vernon
Supp. 2009).  To prove unlawful possession of a controlled substance, the State
must establish that the accused (1) exercised care, control, or management over
the contraband, and (2) knew the substance was contraband.  Poindexter v.
State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  The elements of
possession may be proved through direct or circumstantial evidence although the
evidence must establish that the accused’s connection with the substance was
more than fortuitous.  Id. at 405–06.  Evidence must affirmatively link
the accused to the offense so that one reasonably may infer that the accused
knew of the contraband’s existence and exercised control over it.  Hyett v.
State, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).
 Courts have identified a non-exhaustive list of factors that may help to show
an accused’s affirmative links to a controlled substance, including (1) the
accused’s presence when a search is conducted, (2) whether the contraband was
in plain view, (3) the accused’s proximity to and accessibility of the
narcotic, (4) whether the accused was under the influence of narcotics when
arrested, (5) whether other contraband or narcotics were found in the accused’s
possession, (6) any incriminating statements the accused made when arrested,
(7) whether the accused made furtive gestures or attempted to flee, (8) any
odor of contraband, (9) the presence of other contraband or paraphernalia, (10)
the accused’s ownership or right to possess the place where the narcotics were
found, (11) whether the place where the narcotics were found was enclosed, (12)
whether the accused was found with a large amount of cash, and (13) whether the
conduct of the accused indicated consciousness of guilt.  See Evans v. State,
202 S.W.3d 158, 162 n. 12 (Tex. Crim. App. 2006).  No set formula necessitates
a finding of an affirmative link sufficient to support an inference of knowing
possession; rather, affirmative links are established by the totality of the
circumstances.  Hyett, 58 S.W.3d at 830.  The number of factors present
is not as important the logical force the factors create to prove the accused
knowingly possessed the controlled substance.  Roberson v. State, 80
S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).

            The
evidence reflected that two Houston police officers saw appellant throw cocaine
on the ground as they approached him.  Both officers observed appellant throw
the cocaine, and Officer Crawford retrieved the cocaine from the location where
they saw appellant discard it.  Further, both officers testified that appellant
appeared to be under the influence of narcotics at the time of his arrest. 
Appellant claims this court should believe his testimony instead of the
officers’ testimony.  He argues their testimony that they saw him drop the
cocaine is not credible because the officers had to look over the hood of their
car to see him.  However, in a sufficiency review, we cannot consider the
credibility of the witnesses at trial.  See Johnson v. State, 23 S.W.3d
1, 8 (Tex. Crim. App. 2000).

            When
viewing the evidence in a neutral light, we cannot conclude, with some
objective basis in the record, that appellant’s conviction is clearly wrong or
manifestly unjust because the great weight and preponderance of the evidence
contradicts the jury’s verdict.  Appellant’s sole issue is overruled.

            The
judgment of the trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore.

Do
Not Publish — Tex. R. App. P. 47.2(b).